IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

CORNELLEO SABLAN CORPUZ,

        Petitioner,

   v.

RICK COURSEY,

        Respondent.

Civil No. 10-16-SU

FINDINGS AND RECOMMENDATION

    Adam Dean, Attorney at Law
    1211 SW 5th Avenue, Suite 2350
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger, Attorney General
    Andrew Hallman, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state court convictions. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## **BACKGROUND**

Petitioner and his wife, the victim in this case, were engaged in acrimonious divorce proceedings which prompted the victim to obtain a restraining order against him. On the day of the victim's murder, petitioner followed her to a fast-food restaurant where he fired at least six shots into her car. Trial Transcript, p. 176. The victim died as a result of the attack, and petitioner was indicted by the Multnomah County Grand Jury for Murder, Unlawful Use of a Weapon, and Assault in the Third Degree. Respondent's Exhibit 102.

Petitioner elected to proceed to a jury trial where he was convicted of all three charges. The trial court sentenced him to life imprisonment with a 25-year minimum term on the Murder conviction, and a consecutive five-year sentence for the assault conviction. Respondent's Exhibit 101.

Petitioner took a direct appeal but the Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Corpuz*, 208 Or. App. 757 (2006), *rev. denied* 342 Or. 416 (2007).

2 - FINDINGS AND RECOMMENDATION

...

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on his claims. Respondent's Exhibit 134. The Oregon Court of Appeals affirmed the lower court's decision without opinion, and the Oregon Supreme Court denied review. *Corpuz v. Mills*, 230 Or. App. 430, *rev. denied* 347 Or. 348.

Petitioner filed his Petition for Writ of Habeas Corpus on January 6, 2010 raising three grounds for relief:

> 1. The trial court violated petitioner's rights under the Confrontation Clause when it admitted evidence about the restraining order that the victim had obtained against him and the pendente lite orders awarding her temporary custody and child support;
>
> 2. The trial court erred when it denied petitioner's motion for judgment of acquittal as to Assault in the Third Degree; and
>
> 3. Petitioner was the victim of ineffective assistance of counsel when his trial attorney failed to: (a) object under the Oregon Evidence Code to the admission of the restraining order and pendente lite orders; (b) inform petitioner that he had a right not to testify at his trial; and (c) give petitioner an opportunity during his testimony to deny statements he had allegedly made to his employer about his wife.

Respondent asks the court to deny relief on the Petition because petitioner procedurally defaulted virtually all of his claims, and because the sole claim that is not defaulted was

3 - FINDINGS AND RECOMMENDATION

properly rejected in a state court decision that is entitled to deference.

## DISCUSSION

### I. Unargued Claims

In his supporting memorandum, petitioner chooses to argue two claims: (1) the restraining order admitted at trial constituted testimonial hearsay and should not have been admitted because petitioner did not have an opportunity to cross-examine the victim with respect to the statements she made in her application for the restraining order; and (2) trial counsel was constitutionally ineffective when he failed to make an evidentiary objection to the restraining order. Although petitioner has not addressed the remaining claims within his Petition, the court has nevertheless reviewed his unargued claims on the existing record and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

///
///
///

4 - FINDINGS AND RECOMMENDATION

## II.   **Exhaustion and Procedural Default**

### A.   **Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim

5 - FINDINGS AND RECOMMENDATION

unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.   Analysis**

According to petitioner, the trial court violated his Sixth Amendment rights under the Confrontation Clause when it admitted a prejudicial restraining order despite the fact that petitioner did not have the opportunity to cross-examine the victim whose statements gave rise to the order. A review of the record reveals that petitioner raised such a claim on direct appeal, Respondent's Exhibit 103, pp. 26-45, but failed to do so in a procedural context in which the merits of his claim were actually considered.

During petitioner's criminal trial, his attorney advised the court that so long as the State did not introduce the statements that the victim made in the application for the restraining order, he had no objection to admission of the fact that the restraining order existed. Trial Transcript, p. 120. As a result, and as the State pointed out in its direct appeal response to this claim, there was no objection sufficient to preserve a confrontation claim for appellate review. Respondent's Exhibit 104, pp. 2-6. In fact, during petitioner's subsequent PCR action he asserted that "[t]rial counsel did not . . . object to evidence relating to the existence

of the order itself. Indeed, it appears that he acquiesced in the admission of this evidence . . . [and] should have objected that it should have been excluded under OEC 403." Respondent's Exhibit 135, p. 6.

In Oregon, for a claim to be properly preserved for review in the Oregon Court of Appeals, each assignment of error must be preserved in the lower court. O.R.A.P. 5.45(4)(a). Because there was no objection at trial, petitioner failed to present his Sixth Amendment claim to the Oregon Court of Appeals in a context in which the merits were actually considered. The unpreserved claim was therefore not eligible for a merits review in the Oregon Supreme Court. O.R.A.P. 9.20(2) (questions before the Oregon Supreme Court include only questions properly before the Court of Appeals which the petition for review claims were erroneously decided by that court). As a result, petitioner failed to fairly present his confrontation claim to Oregon's state courts. Because the time for doing so passed long ago, the claim is procedurally defaulted. Petitioner has not argued cause and prejudice, nor has he attempted to make a colorable showing of actual innocence to excuse the default.

### III. Ineffective Assistance of Counsel

#### A. Habeas Corpus Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in

7 - FINDINGS AND RECOMMENDATION

a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

///

8 - FINDINGS AND RECOMMENDATION

### B. Analysis

Petitioner argues that his trial attorney was constitutionally ineffective for failing to move to exclude or otherwise object to the admission of the restraining order. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result

is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

During the course of petitioner's criminal trial, trial counsel raised the following confrontation objection:

> I'm going to object to the restraining order coming in as a violation of the right to confront evidence against the defendant in this case . . . . There's going to be statements made in there by [the victim], which we would not be able to cross-examine. They have not been proven otherwise. They're highly prejudicial to my client, and for those reasons and under *Washington v. Crawford* we would object to the statements in the restraining order coming in. **We do not object to the fact there was a restraining order**.

Trial Transcript, p. 120 (emphasis added).

During petitioner's PCR proceedings, his criminal trial attorney submitted an affidavit on the issue of the restraining order:

> Under the law, the restraining order was relevant, and it went to petitioner's intent. He was prohibited from being near his wife (the deceased) because of the restraining order, and yet he chased her in his car until he caught up to her at the Mexicali Restaurant in Beaverton, Oregon, where the murder occurred. I believe any court would have ruled that the restraining order was admissible evidence.

Respondent's Exhibit 115, p. 1.

The PCR trial court specifically addressed petitioner's claim of ineffective assistance of counsel as follows:

> Your attorney did keep out the specifics of the restraining order, so they didn't go

10 - FINDINGS AND RECOMMENDATION

>       into any of the actual things people said had
>    happened.
>
>       He did not object to the fact that there
>    was a restraining order.
>
>       I find that both the restraining order
>    and the pendente lite order were relevant
>    concerning motive and intent, the same issue
>    that was argued on appeal, whether or not
>    those are admissible.  I think they're
>    admissible.  An objection wouldn't have made
>    much difference.  They do go to exactly what
>    you said.  You identify the issue correctly.
>    They go to motive.
>
>       And so I think that much would have come
>    in.  I agree the contents of the orders
>    couldn't come in, but the fact that there was
>    a restraining order was admissible, and a
>    self-defense defense is another reason it
>    comes out.

Respondent's Exhibit 133, p. 26.

Pursuant to OEC 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  The PCR trial judge specifically found that the restraining order was admissible under Oregon law.  While petitioner disagrees with this decision,[1] federal habeas courts are not permitted to review such state court determinations of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court

---

[1] To the extent petitioner also faults counsel for his alleged failure to recognize that the introduction of the restraining order violated the Confrontation Clause of the Sixth Amendment, petitioner failed to raise such a claim in his Petition, and he did not fairly present such a claim to Oregon's state courts.  Respondent's Exhibit 135.

11 - FINDINGS AND RECOMMENDATION

to reexamine state-court determinations on state-law questions."); *Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir.) ("a federal court is bound by the state court's interpretations of state law."), *cert. denied*, 531 U.S. 1037 (2000), citing *Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002)("A state court has the last word on the interpretation of state law."), citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989), *cert. denied*, 499 U.S. 943 (1991); *Peltier v. Wright*, 15 F.3d 860, 862 (1994)("state courts are the ultimate expositors of state law.").

Because the existence of the restraining order was admissible evidence under the Oregon Evidence Code, counsel was under no duty to raise an objection. *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *rev. denied*, 513 U.S. 1001 (1994) (an attorney is not required to file a motion he knows to be meritless). As a result, counsel's performance did not fall below an objective standard of reasonableness in this case, and the PCR trial court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that

12 - FINDINGS AND RECOMMENDATION

petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 26th day of July, 2011.

                    /s/Patricia Sullivan
                    Patricia Sullivan
                    United States Magistrate Judge